FILED

U.S. DISTRICT COURT

DISTRICT OF MARYLAND

10/9/2020

CLERK'S OFFICE

AT BALTIMORE

BY O.L., DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

|  |  |
|---|---|
| ALFRED SNOWDEN, *et al.* | * |
| Plaintiffs, | * |
| v. | *     Civil No.:  GLR-20-2913 |
| U.S. DEPARTMENT OF VETERANS AFFAIRS, *et al.* | * |
| Defendants. | * |
|  | * |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## COMPLAINT

Petitioners Alfred Snowden and Judith Snowden, through their attorney, Christina Donald, Esq., bring this suit against the U.S. Department of Veterans Affairs, et al., and respectfully petitions this Court to issue a writ of mandamus directing the federal administrative agency and/or its agents decide Petitioners appeal pursuant to 28 U.S.C.A. § 1651, and/or in the alternative, enjoin the federal administrative agency and/or its agents, decide Petitioners appeal and/or damages for violation of their due process rights under 42 U.S.C.A. § 1983.

### RELIEF SOUGHT:

Pursuant to 28 USC 1651, Mr. Alfred Snowden and his wife and caretaker Mrs. Judith Snowden, respectfully petitions this Court to issue a writ of mandamus directing the United States District Court for Maryland to require the U.S. Department of Veterans Affairs, Veterans Health Administration, Veterans Integrated Service Network, decide to finality Mr. Snowden's initial clinical claim on the merits of the claim.  In the alternative, this action seeks injunctive relief to finality Mr. Snowden's initial clinical claim on the merits of the claim and/or damages

1

under 42 U.S.C.A. § 1983 for depriving the Snowden's due process before removing them from the Geriatric Extended Care home-care program and for costs incurred from the date of that wrongful removal in the amount in excess of $50,000.

## PARTIES:

1.        Plaintiffs Alfred Snowden and his wife, Judith Snowden ("Petitioners" or "the Snowden's"), are residents of Baltimore County, Maryland and reside a 4709 Creekside Circle, Owings Mills, Maryland 21117.

2.        Defendant, U.S. Department of Veterans Affairs, located at 810 Vermont Ave. NW, Washington DC 20420, is a federal agency in control of issuing, through its agents, initial clinical claim appeals when a veteran is discharged from a program.

3.        Defendant, Hon. Robert Wilkie, located at 810 Vermont Ave. NW, Washington DC 20420, in his official capacity as the Secretary of the Veterans Affairs.

4.        Defendant, Crystal Taylor, located at located at 54 Ave., D, Perry Point, Maryland, 21902, in her official capacity as Program Director/Home and Community Based Services/VA Maryland Health Care System.

5.        Defendant, William M. Sivley, Program Manager for VA Capitol Health Care Network ("VISN-5"), located at located at 849 International Drive, Suite 275, Linthicum, MD 21090, in his official capacity.

6.        Defendant Robert M. Walton, located at located at 849 International Drive, Suite 275, Linthicum, MD 21090, in his official capacity as chief executive and director of VISN-5.

7.        Defendant Raymond Chung, located at 849 International Drive, Suite 275, Linthicum, MD 21090, in his official capacity as chief medical officer of VISN-5.

2

## VENUE & JURISDICTION:

8.     Pursuant to 28 U.S. Code 100, the Northern District of the Maryland District Court is the correct venue.

9.     Because no only an informal decision without ability to appeal was made, Petitioner is being deprived of an ability to access home-care and appeal that informal, illegal and incorrect decision on the underlying merits of to discharge Petitioners, an eligible veteran, from the home-care program.  This Court has original jurisdiction to compel a federal agency, or federal agent acting in their official capacity, to act through a writ of mandamus and/or injunction pursuant to federal law.

## FACTS:

10.     Pursuant to 28 USC 1651 and/or 42 U.S.C.A. § 1983 the Snowden's, respectfully petitions this Court to issue a writ of mandamus directing and to require the federal administrative agency to render an decision on the merits of the appeal.

11.     Petitioner is a veteran, receives care from a physician in the Veterans Health Administration and requires home health care.

12. ᐧ     Petitioner entered the Caregiver Program through the Veteran's Health Administration's Geriatric and Extended Care Program through the Perry Point VA Medical Center on or about December 2015 and remained eligible throughout.

13.     Petitioners were sent a letter from Crystal Taylor, Program Director/Home and Community Based Services/VA Maryland Health Care System, Perry Point, Maryland, on May 8, 2019 stating that Mr. Snowden would be discharged from the Veteran's Affairs Caregiver Program.

3

14.　On February 21, 2020, Petitioner's Initial Clinical Appeal, submitted on January 27, 2020, relating to Mr. Snowden's discharge from the Caregiver Support Program, was denied "we have determined that at this time you do not qualify for the Caregiver Support Program." Mr. Snowden's medical status and condition has not changed and had worsened since he enrolled in the program in December 2015. No fact determination was made as to whether Petitioner had exhausted all homecare facilities licensed with the Veteran's Health Administration in the populous Baltimore Metropolitan Area.

15.　The decision of the Clinical Appeal provides an appeal to the Veteran's Integrated Service Network ("VISN") Chief Medical Officer within sixty (60) days of the decision dated February 21, 2020. (Exhibit 1.)

16.　Petitioner appealed that decision to the VISN-5 via certified mail, return receipt requested. The appeal, dated April 17, 2020, was received by the VISN-5 on April 20, 2020. (Exhibit 2.)

17.　Almost six months later, no decision on Petitioners discharge and removal from the homecare program has been made and, without a decision, Petitioners are precluded from a decision of the discharge, on the merits.

18.　The VISN-5 appeal was obligated to issue a speedy decision and notify Petitioners of a final decision or an update within five calendar days.

19.　William Sivley, Program Manager for VISN-5 communicated via email that there is no agency that provides home-care services pursuant to the Geriatric Extended Care home-care program and therefore, the Snowden's were not "denied." There is no ability to appeal this determination made by Mr. Sivley, who stated it was a "management question." (Exhibit 3.) In effect, the decision of Ms. Taylor to discharge the Snowden's is completely unreviewable.

4

20.     Currently, the Snowden's are unable to use the Caregiver Program through the

Veteran's Health Administration's Geriatric and Extended Care Program, as entitled, because no

final decision was made after Petitioners were erroneously and illegally discharged without cause

– Petitioner is also unable to appeal that erroneous and illegal denial of care, on the merits.

Petitioners are, therefore, forced to incur full expense and hardship and without the ability to

appeal the removal for reason of the refusal of the federal agency, through its agents, to issue a

decision.

## Request for Writ of Mandamus pursuant to 28 U.S.C.A. § 1651

21.     In refusing to issue a decision, the Petitioner has no other means to attain the

relief he seeks where the agency refuses to issue a decision. *See: Life & Fire Ins. Co. of N.Y v.

Wilson's Heirs*, 33 U.S. 291, 302-3 (1834) ("[mandamus] is the only adequate mode of relief,

where an inferior tribunal refuses to act upon a subject brought properly before it.")

22.     The right of Petitioner is clear and indisputable.  Petitioner has rights to home

care and, when revoked, the ability to appeal and have access to a fair and impartial review of the

healthcare decisions.  Petitioner is clearly entitled to a timely resolution of the pending appeal.

Failure of the administrative agency to entertain, decide and render a decision on Petitioner's

appeal deprives him of due process to access the health program, and consequentially deprives

him of said care.  Condemning Petitioner to indefinite delay, at expense to the health care of

Petitioner, is essentially the ability to revoke a veteran who is eligible for care, without due

process.

23.     It is proper for the Court to exercise its discretion under the circumstances where

Petitioner is unable to exhaust his administrative remedies; it should be undisputed that

Petitioner was arbitrarily and capriciously denied his eligible care, without process. As a result, he has been forced to incur home care at immense cost and will continue to incur costs, hardship and a worsening medical condition.

For the foregoing reasons, the petition for a writ of mandamus should be granted.

## Count I: Violation of Due Process pursuant to 42 U.S.C.A. § 1983

24.     Mr. Snowden was and remains eligible for care in the Geriatric Extended home-care program.

25.     The Veteran's Agency has a duty to provide this care to eligible veterans and have an independent process to procure vendors. *See*: 38 U.S.C.A. § 1703; see also 38 U.S.C.A. § 1710B. At all times, Ms. Taylor and Mr. Sivley knew that the Snowden's were eligible for care in the Geriatric Extended home-care program, refused to provide care and a method for appeal – despite the decision stating a method of appeal.

26.     The Snowden's were removed from this program and no longer provided home-care due to an informal removal that is not subject to appeal, which is arbitrary and capricious decision-making. The Snowden's are, therefore, unable to appeal that decision on the merits. At all times the Agency was aware of the Snowden's appeal but decided to ignore that appeal.

27.     That informal decision of the Snowden's health program was issued, without review, and in total inaction of the submitted appeal submitted, in violation of the Snowden's right to due process.

28.     That decision and inaction caused and continues to cause irreparable harm as the Snowden's who have, since May 2019, been forced to bear the sole burden of paying for private

6

home-care services for Mr. Snowden and, as a result, suffered and continue to suffer immense financial and physical hardship.

29.     There is a clear violation of due process.  The Snowden's have been unable to appeal the informal decision to discharge the Snowden's from the Geriatric Extended home-care program, and that decision was arbitrary and capricious where it stated the Snowden's exhausted all home-care facilities in the Baltimore Metropolitan area.  There is no ability to dispute that informal, non-appealable decision of whether the Snowden's had exhausted all home-care facilities in the Baltimore-Metropolitan area.

30.     The balance for injunction weighs in favor of the Snowden's because, as set forth above, they are entirely without recourse in remediating or appealing their discharge to get access to home care for the eligible veteran.

31.     The Snowden's seeks ability to appeal the informal decision made by Ms. Taylor on the merits, that appeal should be made the VISN-5 and/or the Snowden's should be approved for the Geriatric Extended home-care program, as they are eligible and the agency has a duty to provide that care and/or to be compensated for the arrearage that accrued after their improper and illegal removal from the program, without cause, in May 2019.

For the foregoing reasons, injunction should be granted to enjoin the Defendants to require the VISN-5 to issue an appeal on the merits of the informal decision to remove the Snowden's from home-care and/or find violation of the Snowden's right to due process, and award arrearage for private home-care borne by the Snowden's since May 2019.

Date:  October 7, 2020

Respectfully submitted,


_____Christina Donald /s/____

Christina Donald, Esq.
*Attorney for Petitioners*

Federal Bar ID # 20987
7831 Philadelphia Road
Rosedale, MD 21237
Phone: (410) 960-4883
Fax: (410) 866-3702
christinamdonald@gmail.com